UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LISA P SHULZ and
KALLI PATIDES**,

    Plaintiffs,

v.                                         Case No. 8:21-cv-2073-WFJ-AAS

**GEOVERA SPECIALTY
INSURANCE COMPANY**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Geovera Specialty Insurance Company's Motion to Strike Plaintiffs Lisa P. Shulz and Kalli Patides' expert witness (Dkt. 35). Plaintiffs have not responded, rendering Defendant's Motion unopposed. Local Rule 3.01(c). Upon close consideration, the Court grants Defendant's unopposed Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) "governs disclosures of expert witnesses." *Bingham v. Baycare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 5106946, at *1 (M.D. Fla. Sept. 20, 2016). "Unless otherwise stipulated or ordered by the court, [an expert disclosure] must be accompanied by a written report . . . if the [expert witness] is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve

giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). "Any party that 'without substantial justification' fails to disclose [information required by Rule 26(a)(2)(B)] is not permitted to use the witness as evidence at trial 'unless such failure is harmless.'" *Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (quoting Fed. R. Civ. P. 37(c)(1)).

## DISCUSSION

On July 26, 2022, Plaintiffs disclosed Grant Renne as an expert witness on engineering pursuant to Rule 26(a)(2). Dkt. 35 at 1. Plaintiffs' disclosure did not include an expert report. *Id.* Defendant now argues that Mr. Renne's testimony should be stricken "due to Plaintiffs' failure to comply with the mandatory Rule 26(a) expert disclosure requirements." *Id.* at 2.

The Court agrees. There is no indication that Plaintiffs retained Mr. Renne for any reason beyond providing engineering-based expert testimony. As such, Plaintiffs' disclosure of Mr. Renne as an expert witness required an accompanying disclosure of an expert report "prepared and signed by [Mr. Renne]." Fed. R. Civ. P. 26(a)(2)(B). Plaintiffs have failed to provide such a report or explain why their failure is harmless or substantially justified.[1] Mr. Renne's testimony is therefore properly excluded. *See Prieto*, 361 F.3d at 1318.

---

[1] Defendant certified "that Defendant's Counsel has conferred with Plaintiff's [sic] Counsel, Josh Lopez via telephone conference on January 26, 2023. Mr. Lopez asked for additional time to look into the issue as he has recently taken over the file. Since the telephone conversation Defendant's

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**: Defendant's unopposed Motion to Strike Plaintiff's expert witness (Dkt. 35) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, on March 9, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

Counsel has followed up on February 10, 2023 and February 17, 2023 to which they have not received a response." Dkt. 35 at 3. Defendant further certified that:

> Since filing the Motion and in compliance with Local Rule 3.01(g)(3) Defense Counsel called and left a voicemail for Attorney Lopez on February 21, 2023, on his personal cell phone. On February 22, 2023, Defense Counsel sent an e-mail to Mr. Lopez and Mrs. Padilla, whom both represent the Plaintiffs, attempting to set up a call to discuss the pending Motion. On February 23, 2023, Defense Counsel called the office for Mr. Lopez and Ms. Padilla. Defense Counsel requested to speak to Ms. Padilla and after a long hold was advised the call was being transferred to the Orlando office. Once the call was transferred the phone rang and ultimately the call ended with the Orlando office's general voicemail. Defense Counsel left a voicemail requesting a call back. To date Defense Counsel has not heard from Plaintiffs [sic] Counsel[.]

Dkt. 36 at 1–2.